IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAYAH LARUE, | § § | |
| Plaintiff | § § | |
| v. | § § | Civil Action No. H-12-523 |
| HOUSTON HOUSING AUTHORITY, | § § § | |
| Defendant | § | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Houston Housing Authority ("Defendant" or "HHA") files Defendant's Motion for Summary Judgment, showing the following:

### I. Nature and Stage of the Proceeding

Rayah LaRue ("Plaintiff" or "LaRue"), who was a participant in the Housing Choice Voucher Program, alleges that HHA violated her due process rights by allegedly not allowing her to review all of the documents HHA relied on at her informal hearing. As explained in this motion, summary judgment should be granted against LaRue.

### II. Summary Judgment Standard

The issues to be ruled on by the Court are whether there is a genuine dispute as to any material fact and whether HHA is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(c) states: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as

to any material fact and the movant is entitled to judgment as a matter of law." "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A nonmovant is required to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324  (internal quotation marks omitted).

### III. Undisputed Facts

LaRue was a participant in the Housing Choice Voucher Program. (Plaintiff's First Amended Complaint, ¶ 10.)  On March 22, 2010, HHA sent LaRue a Notice of Termination of Assistance.  (Plaintiff's First Amended Complaint, ¶ 11.) LaRue submitted a request to HHA for an informal hearing and made an appointment with HHA's Hearing Officer to look at documents related to her hearing/termination.  (Plaintiff's First Amended Complaint, ¶ 11.) HHA granted LaRue an appointment and gave LaRue a file to review before the informal hearing.  (Plaintiff's First Amended Complaint, ¶ 12.) LaRue alleges that the file she was given did not contain all of the documents that HHA relied on at her informal hearing.  (Plaintiff's First Amended Complaint, ¶ 13.) After the informal hearing, HHA's Hearing Officer "notified Ms. LaRue that the termination was being upheld." (Plaintiff's First Amended Complaint, ¶ 13.) "LaRue asked

Defendant's Board of Commissioners to reinstate her voucher." (Plaintiff's First Amended Complaint, ¶ 14.) HHA's Board of Commissioners did not reinstate LaRue's housing assistance. (Plaintiff's First Amended Complaint, ¶ 14.)

## IV. Argument

**A. The only claim Larue is pursuing in this case is that HHA has a policy that, prior to a hearing, a tenant is not allowed to review all of the documents that HHA's Hearing Officer will rely on at the hearing**

All of the causes of action in Plaintiff's First Amended Complaint rely on 42 U.S.C. § 1983. (Plaintiff's First Amended Complaint, ¶¶ 18-20.) In *Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010), the Fifth Circuit held that in a claim under 42 U.S.C. § 1983, a "plaintiff must identify: (1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." (Internal quotation marks omitted.)

Defendant's Interrogatories 7 and 8 ask LaRue to explain how all of the above elements are satisfied and to state what LaRue must prove in order to prevail on her causes of action. (Defendant's Appendix, Exhibit 1.) Pursuant to an agreement between LaRue's counsel and HHA's counsel, (Defendant's Appendix, Exhibit 2), LaRue withdrew her objections to Interrogatories 7 and 8 and answered Interrogatories 7 and 8 by stating: "See responses to Interrogatories 9 and 10." (Defendant's Appendix, Exhibit 3.)

LaRue's answer to Interrogatory 9, which asks Larue to describe each policy that is relevant to any of LaRue's causes of action, states: "The Houston Housing Authority's policy of not letting tenants view documents related to their termination in advance of their administrative hearings and then using evidence withheld from the tenants when making a decision to uphold the termination." (Defendant's Appendix, Exhibit 4.) Similarly, LaRue's answer to Interrogatory 10, which asks LaRue to provide information concerning each policymaker who is relevant to any of LaRue's causes of action, states: "The policymaker is the Board of Commissioners, and the policy is for a Hearing Officer to terminate based on evidence that the tenant is not given access to upon request before the appeal hearing." (Defendant's Appendix, Exhibit 4.) Thus, the only claim (the "Claim") LaRue is pursuing in this case is that HHA has a policy that, prior to a hearing, a tenant is not allowed to review all of the documents that HHA's Hearing Officer will rely on at the hearing.

### B. **LaRue's Claim is not based on HHA's written policy, but rather, is based on the fact that HHA's Board of Commissioners did not reinstate LaRue's housing assistance**

As pointed out in Paragraph 17 of Plaintiff's First Amended Complaint, page 58 of HHA's Administrative Plan for Section 8 Housing Programs states: "The participant shall have the right to review and copy (at his/her expense) any relevant information relied upon by the [Houston Housing] Authority." (Defendant's Appendix, Exhibit 5.) Thus, LaRue's Claim is refuted by HHA's

written policy. LaRue's Claim is based solely on the fact that after LaRue asked HHA's Board of Commissioners to reinstate her voucher, HHA's Board of Commissioners did not reinstate LaRue's housing assistance. (Plaintiff's First Amended Complaint, ¶ 14; Defendant's Appendix, Exhibit 4, Answer to Interrogatory 4.) As explained below, the Supreme Court has rejected LaRue's argument. *See infra* section IV.C.

### C. The Supreme Court has rejected LaRue's argument

LaRue seems to contend that because (1) LaRue's reinstatement request to HHA's Board of Commissioners alleged that LaRue was not allowed to review all of the relevant documents prior to her hearing and (2) HHA's Board of Commissioners did not grant LaRue's reinstatement request, that means that HHA has a policy that, prior to a hearing, a tenant is not allowed to review all of the documents that HHA's Hearing Officer will rely on at the hearing. The Supreme Court rejected this argument in *City of St. Louis v. Praprotnik*, 485 U.S. 112, 130 (1988).

In *Praprotnik*, the Supreme Court held:

Simply going along with discretionary decisions made by one's subordinates, however, is not a delegation to them of the authority to make policy. It is equally consistent with a presumption that the subordinates are faithfully attempting to comply with the policies that are supposed to guide them. It would be a different matter if a particular decision by a subordinate was cast in the form of a policy statement and expressly approved by the supervising policymaker. It would also be a different matter if a series of decisions by a subordinate official manifested a 'custom or usage' of which the supervisor must have been aware. In both those cases, the supervisor could realistically be deemed to have adopted a policy that happened to have been formulated or initiated by a lower-ranking official. But the mere failure to investigate the basis of a

5

subordinate's discretionary decisions does not amount to a delegation of policymaking authority . . . .

*Id.* (citation omitted).  The Hearing Officer's decision regarding LaRue's housing assistance is not "cast in the form of a policy statement" with regard to the issue of whether tenants are allowed to review all of the documents that the Hearing Officer will rely on at a hearing.  For example, the Hearing Officer's decision does **not** state that tenants are not allowed to review all of the documents that the Hearing Officer will rely on at a hearing.  (Defendant's Appendix, Exhibit 6.)

### D. **Plaintiff's First Amended Complaint and Plaintiff's Responses to Defendant's Interrogatories do not contend that HHA has a custom of not allowing tenants to review all of the documents that HHA's Hearing Officer will rely on at a hearing**

Plaintiff's First Amended Complaint and Plaintiff's Responses to Defendant's Interrogatories, (Defendant's Appendix, Exhibit 4), do not contend that HHA has a custom of not allowing tenants to review all of the documents that HHA's Hearing Officer will rely on at a hearing.  In response to Interrogatory 4, which asks LaRue to list "other occasions in which HHA's Hearing Officer relied on documents that were not provided to a voucher program participant in advance of a hearing despite the participant's timely request to review relevant documents," **LaRue did not list any such occasions**.  (Defendant's Appendix, Exhibit 4.)

6

### E. **LaRue cannot prove any of the elements she is required to establish**

As explained above, *see supra* section IV.A., LaRue's interrogatory answers show that the only claim LaRue is pursuing in this case is that HHA has a policy that, prior to a hearing, a tenant is not allowed to review all of the documents that HHA's Hearing Officer will rely on at the hearing. All of the causes of action in Plaintiff's First Amended Complaint rely on 42 U.S.C. § 1983. (Plaintiff's First Amended Complaint, ¶¶ 18-20.) Under 42 U.S.C. § 1983, a plaintiff is required to prove "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). LaRue has failed to prove, and cannot prove, any of these elements.

With regard to the "policy" element (the first element) of a claim under 42 U.S.C. § 1983, LaRue cannot establish that HHA has a policy that, prior to a hearing, a tenant is not allowed to review all of the documents that HHA's Hearing Officer will rely on at the hearing. In fact, given that LaRue **did not serve any interrogatories, did not serve any requests for production, and did not depose any policymakers**, LaRue has not even tried to prove that HHA has a policy that, prior to a hearing, a tenant is not allowed to review all of the documents that HHA's Hearing Officer will rely on at the hearing.

With regard to the "constructive knowledge" element (the second element)

7

of a claim under 42 U.S.C. § 1983, a plaintiff can prove constructive knowledge "where the violations were so persistent and widespread that they were the subject of prolonged public discussion or of a high degree of publicity." *Pineda v. City of Houston*, 291 F.3d 325, 330 (5th Cir. 2002). LaRue cannot establish the "actual or constructive knowledge" element because in response to Interrogatory 4, which asks LaRue to list "other occasions in which HHA's Hearing Officer relied on documents that were not provided to a voucher program participant in advance of a hearing despite the participant's timely request to review relevant documents," LaRue did not list any such occasions. (Defendant's Appendix, Exhibit 4.)

      Another reason why LaRue cannot establish the "actual or constructive knowledge" element is because the Hearing Officer's decision does **not** state that tenants are not allowed to review all of the documents that the Hearing Officer will rely on at a hearing. (Defendant's Appendix, Exhibit 6.) Given that the Hearing Officer's decision concerns only one tenant (LaRue), even if HHA's Board of Commissioners ratified the Hearing Officer's decision, that does not mean that HHA has a policy that, prior to a hearing, a tenant is not allowed to review all of the documents that HHA's Hearing Officer will rely on at the hearing. LaRue has not proved that HHA's Board of Commissioners believed the allegation in LaRue's reinstatement request that LaRue was not allowed to review all of the relevant documents prior to her hearing. LaRue has not proved, and cannot prove, that HHA's Board of Commissioners had actual or constructive

knowledge of an alleged policy of not allowing tenants to review all of the documents relevant to a hearing.

With regard to the "moving force" element (the third element) of a claim under 42 U.S.C. § 1983, this Court, in a decision issued by the Honorable Gray H. Miller, dismissed a § 1983 claim because the plaintiff failed to adequately plead the "moving force" element. *Perry v. City of Houston*, 2012 WL 3685988, at *3 (S.D. Tex. Aug. 24, 2012) (Defendant's Appendix, Exhibit 7). Similarly, this Court should dismiss all of LaRue's claims because LaRue has failed to plead and prove that a policy or custom was the moving force behind an alleged constitutional violation or alleged injury.

### F. Conclusion

HHA has shown that there is no genuine dispute as to any material fact and that HHA is entitled to judgment as a matter of law. HHA requests that the Court grant Defendant's Motion for Summary Judgment, grant summary judgment against LaRue with regard to all of the claims in Plaintiff's First Amended Complaint, dismiss all of LaRue's claims with prejudice, and grant HHA all other relief to which HHA may be entitled.

Respectfully submitted,

/s/ Ajay Choudhary
Ajay Choudhary
State Bar No. 90001623
S.D. Tex. No. 21837
Houston Housing Authority
2640 Fountain View Drive
Suite 409
Houston, Texas 77057
Phone:  (713) 260-0524
Fax:  (713) 260-0808
achoudhary@housingforhouston.com

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true, complete, and correct copy of Defendant's Motion for Summary Judgment was served via the Electronic Case Filing System on January 18, 2013 on the following:

David J. Sadegh
Alvear & Sadegh, P.C.
10203 Birchridge Dr., Suite 300
Humble, Texas 77338


/s/ Ajay Choudhary
Ajay Choudhary