UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Rayah LaRue, | § | |
| *Plaintiff*, | § § § | |
| vs. | § § | Civil Action H-12-00523 |
| Houston Housing Authority, | § § § | |
| *Defendant*. | § | |

**Memorandum Opinion & Order**

Pending before the court is defendant Houston Housing Authority's ("HHA") motion for summary judgment. Dkt. 13. After careful consideration of HHA's motion, plaintiff Rayah LaRue's ("LaRue") response (Dkt. 15), HHA's reply (Dkt. 16), the summary judgment evidence, and the applicable law, HHA's motion for summary judgment (Dkt. 13) is **GRANTED**. LaRue's claims are **DISMISSED WITH PREJUDICE**. HHA's motion for a continuance of trial deadlines (Dkt. 17) is **DENIED AS MOOT**.

**I. Background**[1]

The Department of Housing and Urban Development ("HUD") administers the Housing Choice Voucher Program (the "voucher program"), in which HUD pays rental subsidies "so eligible families can afford decent, safe and sanitary housing." 24 C.F.R. § 982.1(a). On a local level, the voucher program is managed by state and local public housing agencies ("PHAs"), including HHA. *Id.* Eligible families obtain the vouchers from the PHAs and then use them to rent private housing that meet program housing and rent standards. *Id.*

---

[1] When evaluating a motion for summary judgment, the court construes the record evidence in the light most favorable to the plaintiff and draws all reasonable inferences in her favor. *See Turner v. Kan. City S. Ry. Co.*, 675 F.3d 887, 891 (5th Cir. 2012).

LaRue participated in the voucher program, and in 2009, LaRue was the victim of domestic violence at her home. Dkt. 15, Ex. 1 (affidavit of Rayah LaRue) at 1. She notified HHA of the situation and requested that her voucher be transferred to another property so she could avoid her alleged attacker, John Hodges ("Hodges"). *Id.* HHA did not respond to this request. *Id.*

LaRue feared for her safety, and upon the advice of law enforcement, she moved to a new home and notified HHA where she was living. *Id.* On March 22, 2010, HHA sent LaRue a Notice of Termination of Assistance (the "termination notice"), which notified LaRue that as of April 30, 2010, her voucher would be terminated due to criminal activity, the presence of an unauthorized occupant in the subsidized housing (Hodges), and her absence from the subsidized unit for more than 30 days. Dkt. 15, Ex. 2-A (termination notice) at 1. On March 26, LaRue requested an informal hearing before HHA to appeal the decision, and HHA scheduled the informal hearing for April 9, 2010. Dkt. 15, Ex. 1 at 1; Dkt. 15, Ex. 2-C (notice of informal hearing) at 1. LaRue made an appointment with the hearing officer, Luenda Da Silva ("Da Silva"), to review the documents related to the termination notice before the April 9 hearing. Dkt. 15, Ex. 1 at 1.

During the pre-hearing meeting, Da Silva gave LaRue certain materials, but these documents did not directly relate to the termination of LaRue's housing assistance. *Id.* LaRue then requested to see other documents related to the termination, but her request was denied. *Id.* LaRue tried to introduce evidence that Hodges was not living with her at the hearing, including a letter from Hodges's previous employer, Rosalind Healthcare Services, Inc. Dkt. 15, Ex. 2-D. LaRue did not state at the hearing that Hodges lived with her, and Da Silva did not introduce evidence that Hodges lived with LaRue in violation of program rules. Dkt. 15, Ex. 1 at 2. On April 27, 2010, Da Silva sent a decision letter to LaRue that upheld the voucher termination and provided reasons for the

decision. Dkt. 15, Ex. 2-B (decision letter) at 1–4. The letter summarized the evidence considered by HHA, and LaRue contends that some or all of the listed documents were not in her file at the time she met with Da Silva before the informal hearing. Dkt. 15, Ex. 2-B at 1–2 (summarizing evidence reviewed); Dkt. 15, Ex. 1 at 2.

After receiving the decision letter, LaRue obtained legal counsel and sent a letter dated January 7, 2011 to Sharon Hainey, HHA's General Counsel, with copies purportedly sent to Da Silva and HHA's Board of Commissioners (the "Board"). Dkt. 15, Ex. 2 at 1. The letter requested reconsideration of HHA's decision and reinstatement in the Section 8 voucher program. *Id.* An HHA staff attorney responded to LaRue's attorney on January 25, 2011, concluding that "a reversal of the Houston Housing Authority's decision is not warranted." Dkt. 15, Ex. 3 (HHA denial letter) at 1. The letter did not address LaRue's arguments that she was denied the right to review the evidence supporting voucher termination before the hearing was held. *Id.*; Dkt. 15, Ex. 1 at 2.

On February 21, 2012, LaRue filed suit in this court against HHA and against Da Silva and Tim Seckinger ("Seckinger"), HHA's President, in their official and individual capacities. *See* Dkt. 1 (LaRue's original complaint) at 1–2. In LaRue's live pleading, she dropped her claims against Da Silva and Seckinger. Dkt. 3 (LaRue's first amended complaint) at 2. She maintains federal claims against HHA for wrongful termination and denial of due process arising under 42 U.S.C. § 1983. *Id.* at 5–7. After the close of discovery, HHA moved for summary judgment on LaRue's claims. Dkt. 13. LaRue responded, and HHA filed a reply in support of its motion. Dkts. 15–16. The motion for summary judgment is ripe for decision.

## II. STANDARD OF REVIEW

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The movant bears the initial burden of informing the court of evidence, if any, that demonstrates the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the movant has discharged its initial burden does the burden shift to the nonmovant to demonstrate that there is a genuine dispute of material fact. *Id.* at 322. A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986); *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005). A dispute is "material" if its resolution could affect the outcome of the action. *Anderson*, 477 U.S. at 248.

Rule 56 requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine dispute for trial. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1046–47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *Wallace*, 80 F.3d at 1047. Instead, the nonmovant must identify specific evidence in the record and articulate precisely how that evidence supports his or her claims. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). When the nonmovant fails to set forth specific facts, by affidavits or otherwise, to show that there is a genuine dispute for trial, summary judgment is appropriate. *Topalian v. Ehrman*, 954 F.2d 1125,

1132 (5th Cir. 1992). Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Wallace*, 80 F.3d at 1048 (quoting *Little*, 37 F.3d at 1075); *see also S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir.1996). The court will not, "in the absence of any proof, assume that the [nonmovant] could or would prove the necessary facts." *McCallum Highlands v. Wash. Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *as revised on denial of reh'g*, 70 F.3d 26 (5th Cir. 1995). Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine dispute for trial. *Anderson*, 477 U.S. at 249–51.

An examination of the substantive law is essential to determining whether or not summary judgment should be granted. Substantive law will identify which facts are material in that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

### III. DISCUSSION

Section 1983 prohibits "persons" acting under the color of law from depriving another of any "rights, privileges, and immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983. Municipalities and cities qualify as persons under § 1983. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690, 98 S. Ct. 2018 (1978). However, municipalities "may not be sued under §1983 for an injury inflicted solely by its employees or agents." *Id.* at 694. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.*; *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 532 (5th Cir. 1996) ("If a § 1983 suit is brought against a [municipality], the claim must be based upon

5

the implementation or execution of a policy or custom which was officially adopted by that body's officers.") (citing *Krueger v. Reimer*, 66 F.3d 75, 76 (5th Cir. 1995)). To support such a claim, a plaintiff must demonstrate: (1) the existence of a policy or custom; (2) policymakers knew of, or should have known of, the existence of the policy; (3) a constitutional violation did occur; and (4) the custom or policy caused the constitutional violation. *See Gunn*, 81 F.3d at 532–33.

With regard to the first element, a plaintiff may prove the existence of an unwritten "policy or custom" in one of two ways. *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 169 (5th Cir. 2010). First, the plaintiff can show a pattern of unconstitutional conduct by municipal actors or employees. *Id.* Second, the plaintiff can demonstrate an unwritten policy if she proves that a "final policymaker" took a single unconstitutional action. *Bolton v. City of Dallas*, 541 F.3d 545, 548 (5th Cir. 2008). Because LaRue fails to demonstrate a genuine dispute of material fact as to either method of unwritten policies, the court's analysis begins and ends with the first element of municipal liability for § 1983 claims, and the court need not consider the other elements of LaRue's causes of action.

### 1. *Pattern of Unconstitutional Conduct*

LaRue claims that the challenged policy in this case is "not letting tenants view documents related to their termination in advance of their administrative hearings and then using evidence withheld from the tenants when making a decision to uphold the termination." Dkt. 14, Ex. 4 (plaintiff's responses to HHA's interrogatories) at 5. LaRue can show a pattern through evidence of actions that have occurred for so long and with such frequency that the governing body's acquiescence of the disputed conduct may be inferred. *Zarnow*, 614 F.3d at 169. LaRue offers two pieces of evidence to show an alleged pattern: (1) her own voucher termination; and (2) deposition

testimony by Stephanie Preston ("Preston"), an HHA team leader, that criminal background checks are not in a tenant's HHA file.

Neither item of evidence raises a fact issue as to a pattern of unconstitutional conduct. LaRue's termination, assuming it was the product of a due-process violation, is a single instance of misconduct and does not tend to show a pattern. *McConney v. City of Houston*, 863 F.3d 1180, 1184 (5th Cir. 1989) (holding that a pattern requires "sufficiently numerous prior incidents" as opposed to "isolated instances"). And regarding the cited deposition testimony, Preston merely testified that criminal background checks would not be in "the file." *See* Dkt. 15, Ex. 4 (Preston deposition transcript) at 64:9–25. Her testimony in the summary judgment record does not indicate that background checks were not shown to tenants upon request before an informal hearing, nor does her testimony indicate that undisclosed background checks could support termination of housing assistance. Accordingly, LaRue failed to demonstrate a genuine dispute of material fact as to a pattern of unconstitutional conduct.

### 2. *Single Instance of Unconstitutional Conduct*

Moreover, while LaRue fails to show a pattern, she may still demonstrate a constitutionally-deficient policy if she can show that a single instance of unconstitutional conduct was committed by a final policymaker responsible for the activity. *Woodard v. Andrus*, 419 F.3d 348, 352 (5th Cir. 2005). Assuming that the decision to affirm the termination of LaRue's benefits was an unconstitutional denial of due process, LaRue still has not shown that the identified policymaker, the Board, participated in this decision in any way.[2] Taken in the light most favorable to the

---

[2] LaRue stated in her sworn interrogatory responses that the relevant policymaker in this case is HHA's Board of Commissioners. Dkt. 14, Ex. 4 at 5. She did not identify any other potential policymaker.

plaintiff, the evidence shows that the HHA's office of legal counsel and hearing officer participated in the initial and subsequent reconsideration of the decision to terminate LaRue's voucher assistance. *See* Dkt. 15, Ex. 2-B (Da Silva's original upholding of the hearing decision); Dkt. 15, Ex. 3 (letter from staff attorney denying the requested reversal of HHA's termination). The evidence does not show that the Board approved, tacitly or otherwise, the denial of reconsideration as to the termination of LaRue's benefits. Thus, without any record evidence indicating Board involvement, LaRue has failed to demonstrate a genuine dispute of material fact as to the single instance theory of liability, and summary judgment on LaRue's § 1983 claims is warranted.

## IV. CONCLUSION

For the reasons discussed above, HHA's motion for summary judgment (Dkt. 13) is **GRANTED**. LaRue's claims are **DISMISSED WITH PREJUDICE**. HHA's motion for a continuance of pretrial deadlines (Dkt. 17) is **DENIED AS MOOT**. The court will enter a separate final judgment consistent with this opinion.

It is so **ORDERED**.

Signed at Houston, Texas on April 3, 2013.

_____
Gray H. Miller
United States District Judge